IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AIRBORNE ECS, LLC, a Delaware limited liability company; RAM MANUFACTURING COMPANY, a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM LEE, an individual; DUNGENESS VALLEY HOLDINGS, LLC, a Washington limited liability company; AERO THERMAL TECHNOLOGIES, a business entity of unknown form; and DOES 1-10, inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING [5] MOTION TO DISMISS;**<br>• **FINDING AS MOOT THE ALTERNATIVE [5] MOTION TO STAY PROCEEDINGS; AND**<br>• **FINDING AS MOOT ANY REMAINING PENDING MOTIONS**<br><br>Case No. 4:19-cv-00071-DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Defendants William Lee ("Lee") and Dungeness Valley Holdings, LLC (collectively "Defendants") moved (the "Motion")[1] under Fed. R. Civ. P. 12(b) to dismiss, or in the alternative stay proceedings on, Plaintiffs Airborne ECS, LLC ("AECS") and RAM Manufacturing Company's ("RAM") (collectively "Plaintiffs") Complaint.[2] Defendants argue that the "comity-driven case management principles of the first filed rule" require the dismissal of Plaintiffs' Complaint.[3] Plaintiffs opposed[4] the motion and Defendants[5] replied in support.

---

[1] Motion to Dismiss on the Grounds of Comity, or Alternatively to Stay Proceedings, docket no. 5, filed September 5, 2019.

[2] Notice of Removal, Exhibit B, Verified State Court Complaint, docket no. 2-2, filed September 4, 2019.

[3] Motion at 1.

[4] Memorandum by Plaintiffs in Opposition to Defendants' Motion to Dismiss or, Alternatively to Stay ("Opposition"), docket no. 16, filed September 14, 2019.

[5] Reply Memorandum in Further Support of Motion to Dismiss on Grounds of Comity ("Reply"), docket no. 21, filed September 15, 2019.

The parties presented oral argument at hearing on September 16, 2019.[6] At the conclusion of that hearing, the Motion was granted[7] on the alternative grounds that the application of the abstention factors as established by the United States Supreme Court in *Colorado River Water Conservation District v. United States*[8] weighed in favor of dismissal. This Memorandum Decision and Order memorializes the oral decision announced at that hearing.

## BACKGROUND

Defendant Lee formed the aerospace engineering and manufacturing firm AECS in the state of Washington in 2016.[9] In August of 2018, RAM, a manufacturer of aircraft components located in St. George, Utah, loaned AECS $2 million dollars.[10] In May of 2019, RAM acquired Lee's stake in AECS through a Unit Transfer Agreement ("Transfer Agreement").[11] Under the terms of the Transfer Agreement, Lee was to step down from all management and control positions of AECS and RAM was to take control of the AECS board.[12] RAM then moved AECS to St. George[13]. In exchange for the transfer of AECS set forth in the Transfer Agreement, RAM also agreed to retain Lee as a consultant and pay him $508,000.[14]

---

[6] Minute Order: Proceedings Held Before Judge David Nuffer, docket no. 23, filed September 16, 2019.

[7] *Id.*

[8] 424 U.S. 800 (1976).

[9] Opposition at 5.

[10] *Id.* at 5-6.

[11] *Id.* at 6.

[12] *Id.*

[13] *Id.*

[14] *Id.*

Under the terms of the Transfer Agreement, Lee was not to compete with AECS for a period of one year.[15] Plaintiffs allege that Lee breached that obligation in June of 2019 when he formed Dungeness Valley, LLC in Washington state.[16] Specifically, Plaintiffs allege that Lee misappropriated equipment and confidential customer and trade secret information from AECS, as well as solicited existing AECS customers to conduct business with Defendants.[17] Plaintiffs learned of this conduct in July 2019.[18] On July 31, Lee filed a complaint in Washington state court seeking to enforce the terms of the Transfer Agreement, specifically to recover the $508,000 Lee claims he is entitled to as a consultant.[19]

On August 27, Plaintiffs filed their Complaint in Utah state court.[20] Lee removed the complaint to federal court on September 4, 2019.[21] The following day, Lee filed the Motion, seeking to have Plaintiffs' complaint dismissed, arguing that the comity-driven first to file rule recognized by the Tenth Circuit Court of Appeals recognizes the Washington state case as the case with jurisdiction over Plaintiffs' causes of action.[22]

## STANDARD OF REVIEW

Although Defendants seek dismissal of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b), Defendants do not specify which specific subjection of that rule provides an appropriate basis for dismissal. However, because the Motion is effectively arguing for a refrain on the exercise of

---

[15] *Id.*

[16] Complaint ¶ 26.

[17] *Id.* ¶ 30.

[18] Opposition at 8

[19] *Id.* at 8.

[20] Opposition at 8.

[21] Notice of Removal, docket no. 2, filed September 4, 2019.

[22] Motion at 2-3.

jurisdiction, the Motion will be interpreted as seeking relief under Fed. R. Civ. P. 12(b)(1) because this rule is "jurisdictional in nature."[23]

A Rule 12(b)(1) motion to dismiss may take one of two forms: The motion may be a facial attack that "questions the sufficiency of the complaint;"[24] Or, the motion may be a factual attack that "challenge[s] the facts upon which subject matter jurisdiction depends."[25] When the challenge to the complaint is a facial challenge, "a district court must accept the allegations in the complaint as true."[26]

However, on a factual challenge, the court is *not* required to accept the complaint's allegations as true and "may not presume" that they are true.[27] A factual Rule "12(b)(1) motion is considered a 'speaking motion' and can include references to evidence extraneous to the complaint."[28] And the court enjoys "wide discretion to . . . resolve disputed jurisdictional facts.[29] Here, the Motion is a factual challenge under Rule 12(b)(1) because it challenges the facts that go to the potential exercise of subject matter jurisdiction over Plaintiffs' Complaint. Therefore, materials outside the Complaint, including the potentially related Washington state court proceedings, are considered.

---

[23] *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).

[24] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[25] *Id.*

[26] *Id.*

[27] *Id.* at 1003.

[28] *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987).

[29] *Id.*

## DISCUSSION

### Although the First to File Rule Does Not Apply Here, Dismissal of the Complaint is Appropriate Under the Doctrine of Abstention

As an initial matter, the "comity-driven first to file rule" that Defendants argue requires dismissal of the Complaint is not applicable to the circumstances at issue here. That rule applies when cases raising the same issues are filed in two separate *federal* courts: "the 'first-to-file' rule permits a [federal] *district* court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another [federal] *district* court."[30]

However, Defendants' request can be decided under a different doctrine: abstention.

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to [go] to the state court would clearly serve an important countervailing interest.[31]

Determining whether these "exceptional circumstances" exist requires the consideration of non-exclusive factors first announced by the United States Supreme Court in *Colorado River Water Conservation District v. United States*[32] as well as additional factors that courts have recognized in subsequent cases.

But before these factors can be addressed, the United States Court of Appeals for the Tenth Circuit requires that we must to decide whether the state case and subsequently filed federal case are parallel.[33] "[E]xact identity of parties and issues is not required. Rather, state and

---

[30] *Alltrade, Incorporated. v. Uniweld Products, Incorporated.*, 946 F.2d 622, 625 (9th Cir. 1991) (emphasis added).

[31] *County of Allegheny v. Frank Mashuda Company*, 360 U.S. 185, 188-189 (1959).

[32] 424 U.S. 800 (1976).

[33] *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994).

federal proceedings are sufficiently parallel if 'substantially the same parties litigate substantially the same issues.'"[34]

In both the Washington state case and this federal case, "substantially the same parties" are litigating "substantially the same issue"—whether either party breached their respective obligations set forth in the Transfer Agreement. These cases are effectively two sides of the same coin. In fact, Plaintiffs' claims in this case are the compulsory counterclaims that they should be raising in the Washington state case.

Because the "state and federal proceedings are parallel" the non-exclusive *Colorado River* factors can be considered.[35] These factors include "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the [sequence] in which the courts obtained jurisdiction"[36] Subsequent cases have added the following factors to this list. "[T]he vexatious or reactive nature of either the federal or the state action[;]"[37] "whether federal law provides the rule of decision;"[38] "the adequacy of the state court action to protect the federal plaintiff's rights[;]"[39] and "whether the party opposing abstention has engaged in impermissible forum-shopping."[40]

In applying these factors to the present case, although some are neutral or weigh in favor of exercising federal jurisdiction, the majority favor abstention. First, no court has exercised

---

[34] *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002).

[35] *Fox* 16 F.3d at 1082.

[36] *Colorado River* 424 U.S. at 818.

[37] *Moses H. Cone Memorial Hospital v. Mercury Construction, Corporation,* 460 U.S. at 18 n. 20 (1983).

[38] *Id.* at n. 23.

[39] *Id.* at n. 28.

[40] *Fox* 16 F.3d at 1082 citing *Travelers Indemnity Company. v. Madonna*, 914 F.2d 1364, 1370–71 (9th Cir.1990).

jurisdiction over property because the issues here do not involve attachment or foreclosure. This factor is neutral as to abstention.

Second, as to the inconvenience of the federal forum, it appears likely that more witnesses will be Utah-based because Plaintiffs have established operations here. This factor favors the exercise of federal jurisdiction over this case.

Third, litigating the Washington state case and this federal case simultaneously *does not* avoid piecemeal litigation and raises the possibility of inconsistent results in two different venues. This factor favors abstention.

Fourth, the sequence in which courts obtained jurisdiction also favors abstention: Lee filed the Washington state case first and then Plaintiffs filed their case in Utah prior to the transfer to federal court. As explained earlier, Plaintiffs' causes of action in this case can be raised as compulsory counterclaims in the Washington state case. This factor clearly favors abstention and deference to the Washington state case. The sequence of filing also bears on the fifth factor, as it appears Plaintiffs filed the present case as a direct reaction to Lee filing the Washington state case. This factor also favors abstention.

Sixth, the applicability of federal law is neutral as to abstention because no federal question is presented in Plaintiffs' Complaint. According to the Transfer Agreement, Utah law governs any dispute and the only apparent basis for federal jurisdiction is diversity.

Seventh, the Washington state case has the potential to provide a completely effective remedy for the Plaintiffs in this case if, as stated earlier, Plaintiffs purse the claims raised in this federal case as compulsory counterclaims in the Washington state case.

Finally, as to the possibility of forum shopping, this case appears to be reactive to the Washington state case. This also suggests that the present case represents an attempt to forum

shop. Subsequent to the filing of the Washington state case, the Plaintiffs filed this case in which they raise claims that should be raised as counterclaims Washington case. This eighth and final factor favors abstention.

Because the majority of factors favor abstention, "extraordinary circumstances" exist to abstain from exercising judication over this case. The Motion is therefore granted, and Plaintiffs' complaint will be dismissed without prejudice.

## ORDER

IT IS HEREBY ORDERED the Motion[41] is Granted. Plaintiffs' Complaint[42] is DISMISSED without prejudice. Because Plaintiffs' Complaint is dismissed, Defendants' Alternative Motion is Stay is MOOT. And all other pending motions in this case are also MOOT.

The clerk is directed to close the case.

Signed January 27, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[41] Motion to Dismiss on the Grounds of Comity, or Alternatively to Stay Proceedings, docket no. 5, filed September 5, 2019.

[42] Notice of Removal, Exhibit B, Verified State Court Complaint, docket no. 2-2, filed September 4, 2019.